## FIDELITY TRUST CO. v. TENNESSEE CHARCOAL IRON CO.

(Circuit Court of Appeals, Sixth Circuit. February 2, 1925.)

No. 4111.

1. **Receivers ☞174(4) — Federal District Court, in receivership proceedings, has jurisdiction to determine all liens, and may properly refuse leave to sue in state court for state taxes.**

A federal District Court, having possession and control of property in the hands of its receivers, has jurisdiction to hear and determine all questions of taxes, liens, and priorities, and may properly refuse leave to state revenue agent to prosecute an independent suit for taxes in state court.

2. **Receivers ☞174(4)—Leave to sue federal receivers properly denied to state revenue agent, where under the state law such agent could not maintain suit.**

An application to the federal District Court by Tennessee revenue agent to bring an inde-

pendent suit to collect taxes due from company in. hands of federal receivers was properly denied, after February 1, 1923, since, under Acts Tenn. 1923, c. 77, he had no capacity to maintain an action for delinquent taxes which was not instituted before that date; an application to file an intervening petition in a pending cause in the.federal court not being an action pending in the state courts.

**3. Receivers ⬤⇒178—Application of Tennessee revenue agent to intervene in federal receivership proceedings properly denied, where no averment of direction by state comptroller.**

The authority of Tennessee revenue agent, under Acts Tenn. 1907, c. 602, § 77, to intervene in either state or federal courts to obtain allowances of taxes due the state from property in hands of receivers, is, by the terms of the statute, dependent on directions to him by state comptroller, and an application to intervene in a federal receivership proceeding, which fails to aver direction by the comptroller, was properly denied.

Appeal from the District Court of the United States for the Middle District ·of Tennessee; Xenophon Hicks, Judge.

Suit by the Fidelity Trust Company, trustee, against the Tennessee Charcoal Iron Company, for foreclosure of a trust mortgage, in which Frank J. Rice, Revenue Agent of Tennessee, petitioned for leave to file an independent suit in the chancery court of Tennessee for state taxes due from the Iron Company, or in the alternative for leave to intervene. From an order dismissing his application, the Revenue Agent appeals. Affirmed and remanded.

In July, 1921, the Fidelity Trust Company, a Tennessee corporation, presented to the District Court a bill to foreclose a trust mortgage given to secure the payment of bonds issued by the Tennessee Charcoal Iron Company, a Delaware corporation. The bill was allowed· to be filed as. a creditors' bill on behalf of the complainant, all of the bondholders, and all other creditors of the Tennessee Charcoal Iron Company, and receivers were appointed to take the custody and control of all the defendant's property. On October 25, 1921, these receivers filed a report in the nature of a petition, which alleged there was due to the state of Tennessee and county of Wayne, from the Charcoal Company, taxes aggregating $10,-000 principal and about $3,000 penalties; that an agreement had been reached with counsel representing the state and county, by the terms of which the penalties were to be remitted if the principal amount was paid; that there was also due to the corporation of Collinwood municipal taxes amounting to $1,000; and requested the

court to direct the payment of these· taxes. On October 29th the ·court ordered and directed the receivers to pay these taxes and interest, but without penalty. The receivers being without funds to make such payments, a decree was entered in December, 1921, authorizing the issue and sale of receivers' certificates bearing interest at the rate of 8 per cent. per annum, and that the proceeds thereof be used for the payment of taxes and insurance. None of these receivers' certificates were sold, and the taxes then due and all subsequent taxes and penalties are still unpaid.

In October, 1921, D. J. Martin, trustee of Wayne county, filed a petition or application, setting forth the amount of taxes then due the state of Tennessee and Wayne · county, and asking that, unless said taxes be shortly paid, he be permitted to intervene and have an order that said taxes, interest, and penalties be allowed, and that there be an order of sale of the property, and the taxes be first ordered paid out of the proceeds of such sale. On May 9, 1922, the trustee of Wayne county, Tenn., on behalf of the county and state, moved the court for an order upon the receivers to pay taxes due for 1920 and 1921, together with the interest and penalties, but no action was ever taken on this motion. On March 9, 1923, Martin, as trustee of Wayne county, Tenn.,· again moved for a decree· ordering the sale of a sufficient amount of the property to pay all taxes then in arrears, including interest, the amount thereof to be shown upon the hearing of the motion. On May 31, 1922, Martin, as trustee of Wayne county, filed his second petition, containing substantially the same allegations as his first petition, except as to amount, .and further alleging that the taxes for 1919 were also due and unpaid. It is now admitted that the taxes for 1919 have been paid.

On June 13, 1922, Frank J. Rice, state revenue agent, presented his petition or application for leave to file a bill in the chancery court of Wayne. county, Tenn., to enforce the lien due for taxes to the state of Tennessee, the county of Wayne, the Collinwood school district and the city of Collinwood, or, if that be denied, that he be given leave to file an intervening petition in this ·cause and have the said lien enforced as provided by chapter 115 of the Public Acts of 1921, and averring that the petition of Martin, trustee, ·was improperly filed; that said trustee had no authority whatever to file the same, or to come into court and compel the payment of taxes due from this de-

fendant and had no right to demand or collect the same, and praying that his petition be filed and that the petition of Martin, trustee, be dismissed. On January 10, 1922, Frank J. Rice, as revenue agent, presented a second petition for taxes for the year 1921, averring the want of capacity of Martin, trustee of Wayne county, to demand and collect these taxes, and praying permission of the court to bring an independent suit in chancery or to file an intervening petition in this cause.

On April 30, 1923, the court entered an order dismissing the application of Rice, revenue agent, to intervene or to file an independent suit in chancery court of Tennessee, and granting to Martin, trustee of Wayne county, the right to intervene, and that his petition for leave to intervene remain on file for the purpose of allowing him to receive the state and county taxes, and directing the receivers to file a report showing what, if any, funds were available for the payment of the same. Upon petition of Rice, revenue agent, a rehearing was denied.

From the order of the court dismissing his application to intervene, or to bring an independent suit in chancery, Frank J. Rice, revenue agent of Tennessee, prosecutes this appeal.

Claude L. Boyd, of Waynesboro, Tenn. (Frank M. Thompson, Atty. Gen., and Boyd & Boyd, of Waynesboro, Tenn., on the brief), for appellant.

John B. Keeble, of Nashville, Tenn. (Dan E. McGugin and Joseph Higgins, both of Nashville, Tenn., and Haggard & Haggard, of Waynesboro, Tenn., on the brief), for appellees.

John M. Cate, John B. Keeble, Jr., and John B. Keeble, all of Nashville, Tenn., amici curiæ.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). [1] Before any right of action could possibly have accrued to the state revenue agent, under any statute of Tennessee to enforce a lien for taxes in the chancery courts of that state, the property of the Tennessee Charcoal Iron Company passed into the custody of the United States District Court. It is admitted that it is the duty of that court, on its own motion, to order and direct its receivers to pay all the taxes due the several taxing districts in which this property is located. The court having possession and control of this property with jurisdiction to hear and determine all questions of taxes, liens and priorities, there would be no reason whatever for granting leave to the revenue agent of the state to bring an independent action in a chancery court of the state of Tennessee and the refusal to do so was not error. In re Tyler, Petitioner, 149 U. S. 164, 183, 13 S. Ct. 785, 37 L. Ed. 689.

[2] The application to bring an independent suit was properly denied on April 30, 1923, for the further reason that under the provisions of chapter 77 of the Acts of 1923, the state revenue agent has no capacity to sue nor the right to maintain an action for the collection of delinquent taxes which was not instituted in the state courts before February 1, 1923.

[3] The only other question presented by this appeal is whether the state revenue agent at the time his application came on to be heard, was entitled, as a matter of right, to intervene in this suit for the collection of these taxes. The receivers disclaim all interest in this controversy except that if the state revenue agent is permitted to collect these taxes there must be taxed for his personal benefit, a further penalty of 15 per cent. in addition to interest and all other penalties, which, if allowed, will greatly reduce the meager dividends the unsecured creditors may possibly receive upon their claims. That, of course, would be unfortunate, but would not be controlling, if in fact he was entitled to intervene for the protection of the taxing districts that are the beneficiaries of these taxes.

In his application for leave to intervene the state revenue agent bases his right to do so upon chapter 115 of the Public Acts of Tennessee of 1921. It is clear from the reading of this chapter that it does not, in terms, confer upon the state revenue agent either the authority or the right to intervene in the federal court, but, on the contrary, specifically provides that he shall, after certain conditions have been complied with, bring action to enforce the lien for delinquent taxes in the chancery courts of the state. It is now claimed, however, that his right to intervene is predicated upon section 77 of chapter 602 of the Acts of 1907, which provides that state revenue agents "shall, by direction of the comptroller, present and obtain allowance by the court both state and federal, of all taxes, whether privileges or ad valorem, due the state from property or its proceeds in the hands of receivers under appointment of the court or otherwise in the custody of the law."

For the purposes of this case it is unnecessary to determine whether this provision of section 77 of chapter 602 of the Acts of 1907 was repealed by chapter 115 of the Laws of 1921, which specifically repealed a great many sections of chapter 602 of the Acts of 1907, and repealed generally all laws in conflict therewith and provides a comprehensive, and perhaps exclusive, plan and system for the collection of delinquent taxes. Nor is it important to determine whether the provisions of section 77, chapter 602, of the Acts of 1907, relate to all taxes, or only to state taxes which are required to be paid directly to the comptroller. Under the provisions of that section the state revenue agent has no authority to intervene, except by direction of the comptroller. The application filed in this cause fails to aver that the revenue agent has been directed by the comptroller to intervene in the present suit.

However that may be, under the provisions of chapter 77 of the Acts of 1923, passed March 31, 1923, the state revenue agent has, and at the time this order was made had, no authority to represent the state or further to prosecute any action for the collection of delinquent taxes which was not instituted in the courts of Tennessee prior to February 1, 1923. An application to file an intervening petition in a pending cause in the federal court is not an action pending in the courts of that state February 1, 1923.

For the reasons stated, the order of the District Court, from which this appeal is taken is affirmed, and cause remanded. This appeal, however, presents no question as to the amount of these taxes, interest, and penalties properly chargeable against the property in the possession and under the control of the court, and for that reason we express no opinion whatever in reference thereto.